IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CASE NO. 4:93CR46 |
| v. | § § | |
| RICKY LYNN WILSON | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 4, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

On December 2, 1993, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 180 months imprisonment, followed by a three (3) year term of supervised release for the offenses of Conspiracy to Manufacture, Deliver and Possess w/ Intent to Deliver a Schedule II Controlled Substance Mixtures Containing Amphetamine (Count 4), and Conspiracy to Commit a Violent Crime (Murder) in Aid of Racketeering Activity (Count 7). On September 22, 2006, the Defendant began service of his supervised term. On May 3, 2007, this case was re-assigned to the Honorable Michael H. Schneider.

In October 2008, Defendant appeared before this Court on alleged revocation of his supervised release, and the terms of his release were modified accordingly. His supervision was not revoked at

1

that time.

Then, on January 15, 2009, the U.S. Probation Officer filed a second Petition for Warrant or Summons for Offender under Supervision (Dkt. 119). The second petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall notify the probation officer ten days prior to any change of residence or employment; and (2) Defendant shall be placed on home detention for a period not to exceed 180 days, to commence immediately upon release from custody. During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. Defendant shall maintain a telephone at his place of residence without "call forwarding", "a modem", "Caller I.D.", "call waiting", or portable cordless telephones for the above period. At the direction of the probation officer, Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. Defendant is to pay the cost associated with his program of electronic monitoring.

The petition alleges that Defendant committed the following violations: (1) on January 5, 2009, Defendant did not comply with his electronic monitoring schedule by failing to return to his residence at 5:00 p.m., and Defendant's whereabouts were unknown at the time the petition was filed.

Prior to the Government putting on its case, the Defendant entered a plea of true to the alleged violations. At the hearing, the Court recommended that Defendant's supervised release be revoked based on those violations. Defendant waived his right to allocution before a district judge.

## RECOMMENDATION

Having heard the argument of counsel, the Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with no supervised release to follow. The Court further recommends that Defendant carry out his term of imprisonment at the appropriate Bureau of Prisons facility closest to Fort Worth.

SIGNED this 11 day of July, 2009.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE